**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ANDRADE GUTIERREZ ENGENHARIA S.A., et al.,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-12355 (DSJ)<br><br>(Jointly Administered) |

**ORDER GRANTING (I) RECOGNITION OF FOREIGN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, (III) RECOGNITION AND ENFORCEMENT OF THE BRAZILIAN CONFIRMATION ORDER AND RELATED EJ PLANS, AND (IV) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon the *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Recognition and Enforcement of the Brazilian Confirmation Order and Related EJ Plans, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Motion")[2] of Gustavo Braga Mercher Coutinho (the "Foreign Representative"), the authorized foreign representative in respect of the *recuperação extrajudicial* proceeding (the "Brazilian EJ Proceeding") of Andrade Gutierrez Engenharia S.A. ("AGE") and its affiliated debtors, Andrade Gutierrez Construções e Serviços S.A. ("AGCS"), Andrade Gutierrez Investimentos em Engenharia S.A. ("AGIE"), Andrade Gutierrez International S.A. ("AGI"), Zagope SGPS, S.A. ("Zagope"), and INZAG Germany GmbH ("INZAG") (collectively, the "Debtors") in the 1st Corporate Court of the Judicial Venue of Belo Horizonte (the "Brazilian Court") pursuant to Brazilian Federal Law No. 11,101 of February 9, 2005 (as amended, the "Brazilian Bankruptcy

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with each Debtor's tax identification or corporate registry number, are: Andrade Gutierrez Engenharia S.A. (Brazil – No. 17.262.213/0001-94) ("AGE"), Andrade Gutierrez Construções e Serviços S.A. (Brazil – No. 39.469.291/0001-05) ("AGCS"), Andrade Gutierrez Investimentos em Engenharia S.A. (Brazil – No. 17.027.611/0001-26) ("AGIE"), Andrade Gutierrez International S.A. (Brazil – No. 20.253.172/0001-84) ("AGINT"), Zagope SGPS S.A. (Portugal – No. 507403177) ("Zagope"), and INZAG Germany GmbH (Germany – No. HRB 32335) ("INZAG").

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Law"), of the laws of the Federative Republic of Brazil ("Brazil"), for entry of a final order (this "Order"), pursuant to sections 105(a), 1507, 1509(b), 1515, 1517, 1520(a), and 1521(a) of title 11 of the United States Code, 11 U.S.C. sections 101, *et seq.* (the "Bankruptcy Code") (a) granting the Motion and recognizing the Brazilian EJ Proceeding as a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code, of the Debtors pursuant to section 1517 of the Bankruptcy Code; (b) recognizing that the Foreign Representative is the duly appointed foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtors in the Chapter 15 Cases; (c) entrusting to the Foreign Representative the administration and realization of all assets of the Debtors within the territorial jurisdiction of the United States; (d) recognizing and enforcing the EJ Plans in the United States and giving full force and effect, and granting comity in the United States, to the Brazilian Confirmation Order, including to allow the Foreign Representative, the Debtors, and their respective expressly authorized representatives and agents in the United States to take actions necessary to consummate the transactions contemplated in the EJ Plans; (e) permanently enjoining all entities (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative, the Debtors, and their respective expressly authorized representatives and agents in the United States from (i) commencing, continuing, or taking any action in the United States that contravenes or would interfere with or impede the administration, implementation, and/or consummation of the Brazilian EJ Proceeding, EJ Plans, or Brazilian Confirmation Order including, without limitation, to obtain possession of, exercise control over, or assert claims against the Debtors or their property or (ii) taking any action against the Debtors or their respective property located in the territorial jurisdiction of the United States to recover or offset any debt or claims that are extinguished, novated, cancelled, discharged, or released under the EJ Plans, the

Brazilian Confirmation Order, or as a result of Brazilian law; (f) authorizing and directing the Directed Parties,[3] and any successor trustees to take any and all actions necessary to give effect to the terms of the EJ Plans and transactions contemplated thereby; (g) exculpating the Directed Parties from any liability for any action or inaction taken in furtherance of, and/or in accordance with this Order or the EJ Plans, except for any liability arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct as determined by this Court; and (h) granting such other relief as the Court deems just and proper; and the Court having determined that the legal and factual bases set forth in the Motion, the Foreign Representative Declaration, Foreign Law Declaration and all other pleadings and papers in these cases establishing just cause to grant the relief set forth herein and that such relief being in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

THIS COURT HEREBY FINDS AND DETERMINES THAT:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the

[3] "Directed Parties" means DTC (*i.e.*, the record holder of the global note representing all of the Notes) and the Trustees, including each of DTC and the Trustees' agents, attorneys, successors and assigns.

Southern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court has the statutory and constitutional authority to issue a final ruling with respect to this matter. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C. The Debtors have property and property rights within this district and therefore, the Debtors are eligible to be a debtor in a chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

D. The Foreign Representative is the duly appointed "foreign representative" of each of the Debtors within the meaning of section 101(24) of the Bankruptcy Code and has standing to make this Motion.

E. The Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code, and the Foreign Representative has complied with section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002 (except to the extent compliance with Bankruptcy Rule 1007(a)(4) has previously been waived by this Court).

F. Due and proper notice of the Motion and Hearing have been provided in accordance with the *Order Pursuant to Federal Rules of Bankruptcy Procedures 2002 and 9007 Scheduling Hearing and Specifying Form and Manner of Service and Notice* (ECF No. 10) (the "Scheduling Order") and in compliance with the requirements of Bankruptcy Rule 2002(q), and no other or further notice need be provided.

G. The Brazilian EJ Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H. The Brazilian EJ Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I. Brazil is the center of main interests of the Debtors, and, accordingly, the Brazilian EJ Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J. The Foreign Representative and the Debtors, as applicable, are entitled to the relief available pursuant to section 1520 of the Bankruptcy Code and to additional assistance and discretionary relief pursuant to sections 1507 and 1521(a) of the Bankruptcy Code, to the extent set forth in this Order and subject to the limitations set forth in this Order.

K. The Foreign Representative and the Debtors, as applicable, are entitled to the Court's cooperation under section 1525(a) of the Bankruptcy Code in implementing certain transactions under the EJ Plans in the form of relief granted by this Order on the terms provided herein. The terms of the EJ Plans before the Brazilian Court provided creditors and parties in interest with appropriate due process and are not manifestly contrary to U.S. public policy.

L. The relief granted hereby (a) is essential to the success of the Brazilian EJ Proceeding and EJ Plans, (b) is an integral element of the Brazilian EJ Proceeding and the EJ Plans, and is integral to effectuation of certain transactions thereunder, and (c) confers material benefits on and is in the best interests of the Debtors, their creditors, and parties in interest, including, without limitation, the Noteholders.

M. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105, 362, 1504, 1507, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code.

N. The Foreign Representative's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth in this Order.

2. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to this Court at the hearing on the Motion, if any, or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Foreign Representative is the duly appointed foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtors in the Chapter 15 Cases.

4. The Brazilian EJ Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5. All relief and protection afforded to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Brazilian EJ Proceeding, the Debtors, and the Debtors' assets located within the territorial jurisdiction of the United States, as applicable, including the application of section 362 of the Bankruptcy Code, which bars the commencement or continuation of actions against the Debtors and/or property of the Debtors located within the territorial jurisdiction of the United States. The Debtor and its respective successors, agents, representatives, advisors, and counsel are entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

6. To the extent not provided by section 1520 of the Bankruptcy Code, all creditors of the Debtors are enjoined pursuant to section 1521 of the Bankruptcy Code from (a) disposing of or otherwise taking or continuing to take any action against any property of the Debtors located within the territorial jurisdiction of the United States and (b) taking or continuing to take any action to obtain possession of or exercise control over any property of the Debtors located within the territorial jurisdiction of the United States.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8. The administration and realization of all or part of the assets of the Debtors within the territorial jurisdiction of the United States is entrusted to the Foreign Representative, and the Foreign Representative is established as the exclusive representative of the Debtors in the United States pursuant to section 1521(a) of the Bankruptcy Code. The Brazilian Confirmation Order and the EJ Plans and any amendments, modifications, and all exhibits to the EJ Plans, in each case subject to all terms, conditions, and limitations set forth therein, are hereby recognized, granted comity, and given full force and effect within the territorial jurisdiction of the United States and for purposes of U.S. law with respect to each of the Debtors, and each is binding on all creditors of the Debtors, including all Noteholders, the Directed Parties, and any of their respective successors and assigns, subject to the terms of this Order.

9. Except as provided by or that may be necessary to enforce the terms of the EJ Plans, the Brazilian Confirmation Order, or this Order, all entities (as such term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative, the Debtors, and their respective expressly authorized representatives and agents in the United States (to the extent provided herein) are hereby permanently enjoined and restrained from:

(a) execution against any of the Debtors' assets within the territorial jurisdiction of the United States in contravention of the terms of the EJ Plans, the Brazilian Confirmation Order, or this Order;

(b) the direct or indirect commencement or continuation, including the issuance or employment of process or discovery, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim (as such term is defined in section 101(5) of the Bankruptcy Code), which in either case in any way relates to, or would interfere with, the administration of the Debtors' estates in the Brazilian EJ Proceeding or the solicitation, implementation, or consummation of the transactions contemplated by the EJ Plans, including, without limitation, cancellation of the Notes and the issuance and distribution of the New Notes as provided hereunder;

(c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set off, or other claim against the Debtors or any of their property with respect to the Notes cancelled under the EJ Plans;

(d) transferring, relinquishing, or disposing of any property of the Debtors to any entity (as such term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative and his authorized representatives and agents in the United States or in any way attempting to obtain possession or control over any property of the

Debtors, in each case, other than in a manner consistent with and/or not in contravention of the terms of the EJ Plans, the Brazilian Confirmation Order, or this Order;

(e) asserting any claims, commencing, or continuing any action or proceeding (including, without limitation, bringing suit in any court, arbitration, mediation, or any judicial or quasi-judicial, administrative or regulatory action, proceeding, or process whatsoever), whether directly or by way of counterclaim (and from seeking discovery of any nature related thereto)) concerning or otherwise relating to (i) the Debtors' property, assets, affairs, rights, obligations, or liabilities to the extent they have not been stayed pursuant to section 1520(a) and 362 of the Bankruptcy Code or (ii) any debt or claims that are extinguished, novated, cancelled, discharged, or released under the EJ Plans, the Brazilian Confirmation Order, or as a result of Brazilian law, including, for the avoidance of doubt and without limitation, the Notes and the Indentures.

10. For the avoidance of doubt, nothing in this Order shall enjoin or restrain (i) claims that are not released or discharged under the Brazilian EJ Proceeding, Brazilian Confirmation Order or the EJ Plans, or (ii) a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code.

11. The Directed Parties are directed and authorized to take any and all lawful actions necessary to give effect to and implement the EJ Plans and the Brazilian Confirmation Order and the transactions contemplated thereunder, including, without limitation, cancellation and discharge of the Notes and the Indentures, and the issuance of the New Notes, subject to the terms and conditions of the documents under which they have or will be appointed to act. Further, the Directed Parties are hereby authorized to take any other lawful action as instructed by, and at the expense of, the Debtors that may be necessary to cancel the Notes.

12. Subject to the continuing effectiveness of the EJ Plans and Brazilian Confirmation Order, the Indentures, Notes, instruments and certificates and other documents evidencing the Noteholders' claims and rights related thereto (including claims against the Trustees) shall be deemed satisfied, discharged, and cancelled automatically and of no force or effect. Upon cancellation, all remaining positions on account of the Notes on the books and records of the Trustees and the Depository Trust Company ("DTC") shall be terminated following the entry of this Order.

13. The Trustees, including their agents, attorneys, successors and assigns, are authorized and directed to provide DTC with the customary documentation accepted by it, as applicable, in order to cancel and remove the Notes from DTC's records, as contemplated by the EJ Plans.

14. The Directed Parties shall incur no liability and be exculpated from any liability for any action or inaction taken in furtherance of this Order, except for any liability arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct as, in each case as finally determined by this Court.

15. The Foreign Representative, the Debtors, and their respective expressly authorized representatives and agents in the United States are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including, without limitation, to implement the terms of the EJ Plans and related restructuring transactions and the Foreign Representative and the Debtors, as applicable, are authorized to use any property and to continue operating any businesses within the territorial jurisdiction of the United States.

16. No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the EJ Plans or any order entered

in these Chapter 15 Cases or in any adversary proceedings or contested matters in connection therewith, shall be deemed to constitute a waiver of the immunity afforded the Foreign Representative pursuant to sections 306 and 1510 of the Bankruptcy Code.

17. A copy of this Order, confirmed to be true and correct, shall be served, within seven (7) business days of entry of this Order, upon the Notice Parties, with such service being good and sufficient service and adequate notice for all purposes.

18. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, enforcement, amendment or modification of this Order.

Dated: New York, New York
October 27, 2026

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE